FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2012 SEP 21  P 2: 35

DONNA FRANKLIN,

     Plaintiff,

v.

RED HOT & BLUE RESTAURANTS, INC.,

Serve:  Corporation Service Company,
         Registered Agent
         Bank of America Center, 16th Floor
         1111 East Main Street
         Richmond, VA 23219

     Defendant.

)
)
)
)
)  C.A. # 1:12cv 1067
)
)        TSE/JFA
)
)
)
)
)
)
)
)

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

COMPLAINT

Preliminary and Jurisdictional Statement

1.  Plaintiff Donna Franklin worked for the Red Hot & Blue ("RHB") restaurant franchise in Winchester, Virginia. During her time at RHB, she was recognized as a valuable employee: she worked her way up from a server position to that of an assistant manager.

2.  When RHB transferred Sean Kandalis to the Winchester location as the new General Manager, her work environment changed dramatically. Mr. Kandalis subjected Ms. Franklin, and other young female employees, to a daily barrage of offensive sexual commentary, behavior and innuendo regarding their breasts, buttocks and his own sexual preferences. Notwithstanding several complaints to RHB's upper management by Ms. Franklin, and others, RHB failed to intervene. Mr. Kandalis' behavior continued unabated and he kept his position as General Manager.

3. As result of her final complaint about Mr. Kandalis, Ms. Franklin found herself out of favor at work – Mr. Kandalis reduced her hours, stripped her of duties, changed her work shift, and refused to speak to her as they carried out their work.  Marginalized at the restaurant and increasingly shut out of her position, Ms. Franklin finally quit her job.

4. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* for sexual harassment and gender-based discrimination. This court has jurisdiction under 28 U.S.C. §1331.

5. Ms. Franklin filed a timely complaint with the Equal Employment Opportunity Commission and has filed this complaint within 90 days of notification of her right to sue.

### Parties

6. Plaintiff Donna Franklin is an adult female resident of Frederick County, Virginia.

7. Defendant Red Hot & Blue Restaurants, Inc. (RHB) is national, privately owned corporation that owns and franchises Red Hot & Blue chain restaurants. RHB owned the Winchester restaurant at which Ms. Franklin worked.

### Claim for Relief

8. In 2002, Donna Franklin was hired by RHB as a server at its Winchester restaurant. Before long she was promoted to Server Trainer and then Catering Captain.  By early 2005, Ms. Franklin had worked her way to a Shift Supervisor position. In 2006, she was promoted to a salaried assistant manager position.

9. Ms. Franklin excelled in her work, and was known as a fair, responsible and trustworthy employee.

10. In early 2005, Sean Kandalis was transferred to the Winchester location as the restaurant's new General Manager.

11. Throughout the time that Ms. Franklin worked under Mr. Kandalis, he made offensive sexual comments to Ms. Franklin, about her and other woman in the restaurant. Mr. Kandalis made the same offensive comments over and over again, and on a daily basis. This included comments such as:

a. "Wearing a thong today?" while staring at her buttocks when she walked past him or bent over to pick something up;

b. "Oh, lace today!" regarding the type of bra that he presumed Ms. Franklin was wearing, while starting at her chest;

c. "Nice melons!" as Ms. Franklin walked through the kitchen carrying melons;

d. Suggestively stating, "I will give you something!" when Ms. Franklin requested an item at work;

e. "It looks good from here," as Ms. Franklin bent over to show him a problem under the kitchen sink;

f. "Did you see that hot girl?" regarding customers;

g. "Did you see those?" regarding the breasts of female customers;

h. "I would do her, and I bet you would too," regarding customers;

i. "My wife never gives me any.";

j. "Did [your boyfriend] give it to you hard?" in response to Ms. Franklin's comment that her back was hurting;

k. "I have a small penis, but Nick is hung like a horse. You should give him a try," to Ms. Franklin regarding another employee;

l. "I wish that was me!" to an employee as she cleaned the pelvic area of a large Elvis statue in the store as a part of her cleaning duties;

m. "Look at that!" to a male employee while pointing to the buttocks of a female employee; and

n. "Sex can be good pain," after Ms. Franklin commented that she was sore from working out.

o. "I've got something for you," while lifting his apron as if to expose his genitals (he was fully clothed) to Ms. Franklin and another female employee.

12. Ms. Franklin's response to Mr. Kandalis offensive commentary was always one of disapproval or disgust: she would shake her head at him, walk away, and otherwise ignore him.

13. Mr. Kandalis also spoke and regularly acted inappropriately with other female servers, including tickling them and commenting on their bodies. Servers who responded positively to Mr. Kandalis' touching and sexual commentary became his "favorites." Ms. Franklin found that it became difficult for her to delegate work to or otherwise supervise his "favorites."

14. Ms. Franklin's duties included hiring servers. Mr. Kandalis instructed her that she was only to hire "cute" girls. Deeming this instruction wrong and unlawful, Ms. Franklin did not comply.

-4-

15. Manager Wayne Clyburn was aware of Mr. Kendalis's sexual harassment. Aware of Ms. Franklin's fear of losing her job for complaining, he told her that he would take care of the situation. On information and belief, Mr. Clyburn reported instances of the harassment to the regional manager, Rob Mannino, but to no effect as nothing was done.

16. At the beginning of July, 2007, Ms. Franklin became so frustrated with Mr. Kandalis' harassment that she quit her job.

17. Reluctant to lose such an excellent employee, regional manager Rob Mannino called her to ask her to return. She relayed to Mr. Mannino details of Mr. Kandalis' harassment of women at the store. Mr. Mannino said that he would speak to Mr. Kandalis about it.

18. Believing that Mr. Mannino would speak to Mr. Kandalis and stop the harassment, Ms. Franklin returned to work. However, following her return, Mr. Kandalis' harassment continued unabated.

19. In 2009, Ms. Franklin's cousin Amber came to work as server at RHB. Starting immediately, Mr. Kandalis made comments to Ms. Franklin about Amber's, her buttocks and her clothes.

20. On March 30, 2009, Ms. Franklin again reported Mr. Kandalis' sexual harassment, this time to RHB's Human Resources Director, Richard Marek. About a week later, Mr. Marek came to RHB to investigate Ms. Franklin's complaints.

21. During Ms. Franklin's meeting with Mr. Marek, she reiterated her report of Mr. Kandalis' persistent sexual comments and behavior. Mr. Marek responded by asking her if she thought that people could change.

22. Ms. Franklin also reported to Mr. Marek that Mr. Kandalis had instructed her to only hire "cute" girls. He responded, "Girls do sell more."

23. Mr. Marek explained to Ms. Franklin that he had come "to protect the assets of the company." Ms. Franklin replied, "Yes, us." To this, Mr. Marek responded dismissively, "And the tables and chairs."

24. On April 14, 2009, Mr. Marek wrote Ms. Franklin a letter stating that her allegations "[could not] be adequately substantiated" and that the results of the investigation were inconclusive. The letter also stated that RHB "[would] continue to monitor the situation" and that RHB "strictly prohibits retaliation" against employees on the basis of a good faith report of harassment.

25. Mr. Kandalis retaliated against Ms. Franklin because of her complaint to Mr. Marek, of which, on information and belief, he was made fully aware. He reduced her hours from her usual 40 hour per week to about 35 hours per week, despite foreknowledge that Ms. Franklin needed 40 hours to get by financially. He changed her daily work schedule. He stripped her of her hiring power. Finally, Mr. Kandalis refused to speak to her after the investigation. When she approached him with questions that required the input of a general manager, he simply ignored her. This made it difficult if not impossible to do her job properly.

26. On information and belief it was Mr. Kendalis' goal to make Ms. Franklin's working life so problematical and bothersome that no reasonable person would voluntarily continue working there. It was also intended to teach her (and others) a lesson, so as to preclude further complaints about his misconduct, for fear of similar consequences.

27.  In early July 2009, finding it impossible to continue working responsibly and with self-respect in the face of Mr. Kendalis' continuing debasement and pointed lack of cooperation, Ms. Franklin quit her position.  Her departure amounted to a constructive discharge.

28.  As a result of RHB's actions, Ms. Franklin suffered emotional distress, humiliation and embarrassment, financial loss, including, but not limited to loss of income and employment benefits, and other losses.

### Causes of Action

### Count I: Sex Harassment

29.  Ms. Franklin suffered unwelcome, severe and pervasive sexual harassment while working at RHB, which created an abusive hostile work environment that limited her ability to perform her job duties.   By its action set forth above, RHB thereby violated Ms. Franklin's rights under Title VII of the Civil Rights Act of 1964, as amended, to a workplace free from sex harassment.

### Count II: Retaliation

30.  RHB retaliated against Ms. Franklin, in that her final complaint about Mr. Kandalis resulted in a reduction of her work hours, a change in her work schedule, the loss of  job duties, and communication difficulties that made it difficult if not impossible to do her job.  By these actions RHB retaliated against Ms. Franklin for having complained about the sex harassment she was sufffering, in violation of Title VII of the Civil Rights Act of 1964, as amended.

<u>Count III: Constructive Discharge</u>

31.  By its actions set forth above, RHB constructively discharged Ms. Franklin, in

violation of Title VII of the Civil Rights Act of 1964, as amended.

Wherefore, Ms. Franklin seeks the following relief:

* Reinstatement, back pay and front pay appropriate to the proof at trial;

* An award of actual damages and punitive damages appropriate to the proof at
   trial;

* An award of costs, included reasonable attorney's fees; and

* Such other relief as is just.

Ms. Franklin requests trial by jury.

Respectfully submitted,

DONNA FRANKLIN,

By counsel

Dated:   September 21, 2012

Counsel for Plaintiff:

Victor M. Glasberg, #16184
Bernadette Armand, #81332
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com
FranklinDonna\Drafts\Complaint(2012-0920)

-8-